## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **SHALISA RIVERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **2:07-CV-00395-WHA-TFM** |
| | ) | |
| **ARVINMERITOR SEJONG, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant ArvinMeritor Sejong, LLC (hereinafter "ArvinMeritor Sejong")

and answers each allegation contained in the Complaint of Shalisa Rivers (hereinafter "Plaintiff")

and asserts its affirmative defenses as follows:

## ANSWER TO COMPLAINT

### JURISDICTION

1.     ArvinMeritor Sejong admits the jurisdictional assertions contained in Paragraph 1 of

the Complaint, but expressly denies the validity of Plaintiff's claims.

2.     ArvinMeritor Sejong lacks sufficient information to either admit or deny the

allegations contained in Paragraph 2 of the Complaint, and accordingly, denies same.

3.     ArvinMeritor Sejong admits that venue is proper in the Middle District of Alabama.

ArvinMeritor Sejong denies the remaining allegations contained in Paragraph 3 of the Complaint,

and further denies that it committed any unlawful employment practice or engaged in any other type

of wrongful or unlawful conduct.

## PARTIES

4.     ArvinMeritor Sejong is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and accordingly, denies same.

5.     ArvinMeritor Sejong admits the allegations contained in Paragraph 5 of the Complaint.

## NATURE OF THIS ACTION

6.     ArvinMeritor Sejong admits that Plaintiff has filed a Complaint for a declaratory judgment and permanent injunction, and that the Complaint asserts that she is seeking compensatory and punitive damages.   ArvinMeritor Sejong denies the remaining allegations of paragraph 6 of the Complaint and denies that  Plaintiff is entitled to any of the relief requested.

7.     ArvinMeritor Sejong denies the allegations contained in Paragraph 7 of the Complaint.

8.     ArvinMeritor Sejong denies the allegations contained in Paragraph 8 of the Complaint.

9.     ArvinMeritor Sejong denies the allegations contained in Paragraph 9 of the Complaint.

10.     ArvinMeritor Sejong denies the allegations contained in Paragraph 10 of the Complaint.

11.     ArvinMeritor Sejong admits that Plaintiff, through this lawsuit, seeks equitable relief as well as compensatory and punitive damages.   However, ArvinMeritor Sejong denies that Plaintiff's claims have any merit, that it engaged in any discriminatory or other wrongful conduct, and that Plaintiff is entitled to the relief requested or any other type of relief at law or in equity.

FACTUAL ALLEGATIONS

12.     In response to Paragraph 12 of the Complaint, ArvinMeritor Sejong reasserts and realleges its responses to the allegations in Paragraphs 1-11 as if fully set forth herein.

13.     In response to paragraph 13, ArvinMeritor Sejong admits that Plaintiff worked at its facility in Fort Deposit, Alabama.  ArvinMeritor Sejong further admits that Plaintiff was sent to its Fort Deposit location by Kelly Services, a temporary employment agency.  ArvinMeritor Sejong denies the remaining allegations of paragraph 13.

14.     ArvinMeritor Sejong lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and accordingly, denies same.

15.     In response to paragraph 15 of the Complaint, ArvinMeritor Sejong states that it lacks sufficient information to either admit or deny the allegations regarding "Sylvia Page of Kelly Services," and accordingly, denies same.  ArvinMeritor Sejong denies the remaining allegations of paragraph 15.

16.     ArvinMeritor Sejong lacks sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint, and accordingly, denies same.

17.     ArvinMeritor Sejong denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

COUNT I - SEX DISCRIMINATION

18.     In response to Paragraph 18 of the Complaint, ArvinMeritor Sejong reasserts and realleges its responses to the allegations in Paragraphs 1-17 as if fully set forth herein.

19.     ArvinMeritor Sejong admits that Plaintiff is a female.  ArvinMeritor Sejong lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 19, and accordingly, denies same.

20.     ArvinMeritor Sejong denies the allegations contained in Paragraph 20 of the Complaint.

21.     ArvinMeritor Sejong denies the statement contained in paragraph 21 of the Complaint.

22.     ArvinMeritor Sejong denies the allegations contained in Paragraph 22 of the Complaint.

23.     ArvinMeritor Sejong denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24.     ArvinMeritor Sejong denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

PRAYER FOR RELIEF

In response to the unnumbered paragraph entitled "Prayer for Relief" and subsections (A) through (H) contained therein, ArvinMeritor Sejong denies that Plaintiff is entitled to the relief requested or to any relief whatsoever, and specifically denies that Plaintiff is entitled to a declaratory judgment, injunction, compensatory damages, punitive damages, backpay, frontpay, costs, and/or attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

ArvinMeritor Sejong denies each and every allegation contained in the numbered paragraphs and elsewhere in the Complaint except to the extent specifically admitted in its above responses to the numbered paragraphs of the Complaint.

### SECOND DEFENSE

Plaintiff's Complaint and each Count therein fail or may fail to state a claim upon which relief may be granted.

### THIRD DEFENSE

Plaintiff cannot state a prima facie case of discrimination.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to satisfy the statutory, administrative prerequisites to suit.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH DEFENSE

With regard to any Title VII claim allegations in the Complaint that involve incidents or actions by ArvinMeritor Sejong alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of a charge of discrimination with the EEOC, said filing was untimely and the conditions precedent to suit over such Title VII claims have not been met.  To the extent Plaintiff seeks redress for incidents occurring more than 180 days prior to the filing of her EEOC charge, such Title VII claims are barred.

-5-

## SEVENTH DEFENSE

Plaintiff's Title VII claims are barred to the extent they exceed the scope of the allegations contained in her EEOC charge.

## EIGHTH DEFENSE

ArvinMeritor Sejong's conduct toward Plaintiff was at all times in good faith and in a good faith effort to comply with the employment discrimination laws.

## NINTH DEFENSE

ArvinMeritor Sejong's conduct was not willful, intentional or discriminatory.

## TENTH DEFENSE

No action or omission of ArvinMeritor Sejong is the proximate cause of any alleged injury or damages to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover compensatory damages because there is no causal connection between any alleged unlawful act by ArvinMeritor Sejong and any injury which Plaintiff claims to have suffered.

## TWELFTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she suffered was caused by occurrences other than conduct for which ArvinMeritor Sejong is liable as a matter of law.

## THIRTEENTH DEFENSE

All of ArvinMeritor Sejong's actions and decisions regarding Plaintiff were based on legitimate, nondiscriminatory reasons that were not pretexts for discrimination.

**FOURTEENTH DEFENSE**

Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a.

**FIFTEENTH DEFENSE**

Punitive damages may not be awarded because any actions arguably justifying punitive damages were not authorized or ratified by ArvinMeritor Sejong and were committed, if at all, outside the scope of the agency or employment of the actor.

**SIXTEENTH DEFENSE**

A.      An award of punitive damages in this case against ArvinMeritor Sejong would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

B.      Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling ArvinMeritor Sejong to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

C.      Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while ArvinMeritor Sejong is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

D.      Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

E.      Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

F.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

G.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6 which provides, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff, which is less than the "reasonable doubt" standard applicable in a criminal case.

H.      Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

I.      The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

J.      Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

K.      Plaintiff's claims for punitive damages are barred by the provisions of Code of Alabama § 6-11-20 *et seq.* (1975).

## SEVENTEENTH DEFENSE

The alleged adverse employment action(s) by ArvinMeritor Sejong were not intentionally malicious, negligent, or reckless and do not warrant the imposition of punitive damages.

## EIGHTEENTH DEFENSE

ArvinMeritor Sejong reserves the right to plead the after-acquired evidence defense as discovery proceeds.

## NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that she has failed to reasonably mitigate her claimed damages, her entitlement to which is expressly denied.

### TWENTIETH DEFENSE

ArvinMeritor Sejong pleads the doctrine of unclean hands and *in pari delicto*.

### TWENTY-FIRST DEFENSE

Even if the trier of fact were to determine that Plaintiff's gender was a factor in the employment decisions regarding Plaintiff, the same decisions would have been made without regard to such a factor.

### TWENTY-SECOND DEFENSE

Even if the trier of fact were to determine that pregnancy was a factor in the employment decisions regarding Plaintiff, the same decisions would have been made without regard to such a factor.

### TWENTY-THIRD DEFENSE

ArvinMeritor Sejong pleads the general issue and states that it is not guilty of any discriminatory, tortious, or wrongful conduct.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims, or some of them, may be barred by judicial and/or collateral estoppel.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred to the extent that she unreasonably failed to avail herself of ArvinMeritor Sejong's internal procedure for reporting alleged discriminatory conduct.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred because she cannot show that a similarly situated, non-protected employee received more favorable treatment.

## TWENTY-SEVENTH DEFENSE

Plaintiff's own actions with respect to the allegations in his Complaint make it impossible for her to recover under her claims.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims are or may be barred pursuant to the "same actor/same decision-maker" defense.

## TWENTY-NINTH DEFENSE

Any allegedly discriminatory actions were contrary to ArvinMeritor Sejong's good faith effort to comply with the federal employment discrimination laws.

## THIRTIETH DEFENSE

ArvinMeritor Sejong denies that Plaintiff has been damaged and demands strict proof of the damages alleged herein.

## THIRTY-FIRST DEFENSE

In regard to any award of back pay damages, ArvinMeritor Sejong is entitled to set off the amount of interim earnings the plaintiff received during the back pay period.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are due to be dismissed for failure to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## THIRTY-THIRD DEFENSE

ArvinMeritor Sejong reserves the right to amend its Answer.

Respectfully submitted,

/s/ David L. Warren, Jr.
(WAR-042)

Beverly P. Baker (BAK-014)
David L. Warren, Jr. (WAR-042)
**OGLETREE, DEAKINS, NASH,**
 **SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: beverly.baker@odnss.com
E-mail: david.warren@odnss.com

*Attorneys for Defendant ArvinMeritor*
*Sejong, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of June, 2007, I electronically filed the foregoing *Answer and Affirmative Defenses* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Keith Anderson Nelms, Jay Lewis, and Beverly Poole Baker.

<u>/s/ David L. Warren, Jr.</u>
(WAR-042)

**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: david.warren@odnss.com