**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| SHALISA RIVERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 2:07-CV-00395-WHA-TFM |
| | ) |
| ARVINMERITOR SEJONG, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ARVINMERITOR SEJONG, LLC'S**
**MOTION TO DISMISS**

COMES NOW, defendant ArvinMeritor Sejong, LLC (hereinafter "ArvinMeritor Sejong"), and pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) respectfully moves the Court to dismiss plaintiff's Complaint with prejudice, because, as shown below, this Court lacks subject matter jurisdiction over the Title VII claims stated therein and plaintiff has failed to state any Title VII claim against ArvinMeritor Sejong upon which relief can be granted.

1. On May 4, 2007, plaintiff filed a Complaint against ArvinMeritor Sejong asserting Title VII claims. (Complaint at ¶¶ 1, 6-11, 18-24).

2. Plaintiff alleges in paragraph 2 of her Complaint that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 1, 2006. (Id. at ¶ 2). Plaintiff fails to explain, however, that she filed this charge of discrimination against Kelly Services, not ArvinMeritor Sejong. (Id., see also, Exhibit A, Plaintiff's September 1, 2006, EEOC Charge).

3.      On June 12, 2007, at the request of ArvinMeritor Sejong's counsel, Beverly Baker, plaintiff's counsel's office delivered to Ms. Baker the underlying charge referenced in the Complaint, which is attached hereto as Exhibit A at page 3. That charge identifies Kelly Services at 4142-B Carmichael Road, Montgomery, Alabama, 36106, as the respondent. (Id.). Plaintiff signed the charge on September 1, 2006, under penalty of perjury. (Id.). From the face of the charge, it appears that the EEOC received it as filed in early September 2006. (Id.). In the particulars of the charge, plaintiff asserts that her employer is Kelly Services, and that she had been assigned to work at ArvinMeritor Sejong in Fort Deposit, Alabama. (Id.). Plaintiff, in her charge and in her Complaint, asserts that Sylvia Page, an employee of Kelly Services, terminated her employment due to her pregnancy, and claims that this discharge violated Title VII and its Pregnancy Discrimination Act provisions. (Exhibit A and Complaint at ¶¶ 1, 14-16, and 18-24). In her Complaint, plaintiff further claims that ArvinMeritor Sejong discriminated against her on the basis of her sex in violation of Title VII in the areas of promotion, pay, benefits and treatment. (Complaint at ¶¶ 6 and 8). No such claims are found within her charge against Kelly Services. (Exhibit A).

4.      Plaintiff did not file a charge of discrimination against ArvinMeritor Sejong. (Exhibit B, Declaration of Ed Kershaw at ¶¶ 2-3). ArvinMeritor Sejong received no notice of plaintiff's claims contained within the Complaint in this action until it was served with it. (Id. at ¶ 4). The EEOC did not contact ArvinMeritor Sejong during its investigation of plaintiff's charge and ArvinMeritor Sejong did not have an opportunity to participate in any conciliation process involving the charge. (Id. at ¶¶ 5-6). ArvinMeritor Sejong has no corporate relationship to Kelly Services. (Id. at ¶ 7).

5. 42 U.S.C. § 2000e-5(f)(1) states, in relevant part, that within ninety days of the issuance of a notice of right to sue, a charging party may file a civil action "against the respondent named in the charge. . ." "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." Virgo v. Riviera Beach Associates, LTD., 30 F.3d 1350, 1358 (11th Cir. 1994) (citation omitted). "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." (Id.). While courts liberally construe this naming requirement where the notification purposes of Title VII are otherwise fulfilled, these purposes are not fulfilled here. (Id.). As the Eleventh Circuit Court of Appeals explained:

> In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

(Id. at 1359).

Here, Kelly Services and ArvinMeritor Sejong are completely unrelated entities; plaintiff not only could have ascertained but was, in fact, aware that Kelly Services had assigned her to work at ArvinMeritor Sejong; ArvinMeritor Sejong received no notice of the filing of the charge; ArvinMeritor Sejong had no opportunity to participate in the EEOC's conciliation process; and ArvinMeritor Sejong was, therefore, actually prejudiced by its exclusion from the EEOC process, because this civil lawsuit has been filed against it. The filing of this lawsuit and its attendant

expense is a situation that could have been avoided if ArvinMeritor Sejong had been permitted to participate in the EEOC's conciliation process.

6.      Plaintiff, therefore, has failed to satisfy the statutory prerequisites for any Title VII claim against ArvinMeritor Sejong. Consequently, her Complaint is due to be dismissed for failure to state a claim upon which relief can be granted and because this Court lacks subject matter jurisdiction over the pled claims. See, e.g., Talbot v. U.S. FoodService, Inc., 204 F.Supp. 2d 881, 883-884 (D. Md. 2002). Plaintiff's Complaint, therefore, is due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, ArvinMeritor Sejong respectfully requests that the Court enter an Order granting this Motion to Dismiss the Plaintiff's Complaint with prejudice, and/or provide such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ David L. Warren, Jr.
(WAR-042)

Beverly P. Baker (BAK-014)
David L. Warren, Jr. (WAR-042)
**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: beverly.baker@odnss.com
E-mail: david.warren@odnss.com

*Attorneys for Defendant ArvinMeritor Sejong, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2007, I electronically filed the foregoing *Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Keith Anderson Nelms, Jay Lewis, and Beverly Poole Baker.

/s/ David L. Warren, Jr.
(WAR-042)

**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: david.warren@odnss.com

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103

Telefax Number: (334) 832-4390

Telephone Number: (334) 263-7733



EXHIBIT A

**Date:** 6-12-07

**From:** Tara McGriff (Law office Jay Lewis)

**To:** Beverly Baker

**Office Number:**
**Telefax Number:** 205-328-6000

**Number of Pages:** 2

**Re:**

**Message:** RE: Shalisa Rivers EEOC charge & right to sue.

Confidentiality Notice:
This message is intended only for the use of the individual or entity to which it its addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering he message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of his communications prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Jun. 12. 2007 9:37AM                                              No. 7322  P. 2
APR-26-07 17:27  From:EEOC                   2052122142           T-686 P.01  Job-814

EEOC Form 161 (10/96)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Shalisa D. Rivers  
    c/o Andy Nelms  
    Law Offices of Jay Lewis, LLC  
    P.O. Box 5059  
    Montgomery, AL 36103  

From: Birmingham District Office  
       Ridge Park Place  
       1130 22nd Street South  
       Suite 2000  
       Birmingham, AL 35205  

[ ]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-04871 | Serena Curry, Investigator | (205) 212-2072 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Delner Franklin-Thomas_     3/7/07

Delner Franklin-Thomas, District Director     (Date Mailed)

Enclosure(s)

cc: Kelly Services  
    c/o Tamara Dawson  
    Diversity Analyst  
    999 West Big Beaver Road  
    Troy, MI 48084-4782

Jun. 12. 2007 9:37AM                                                                 No. 7322   P. 3

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 420-2006-04871 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Shalisa D. Rivers | (334) 267-6282 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2796 Co Rd 4, P.O. Box 21 | Minter, Alabama 36761 | 03/17/1973 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Kelly Services | 50+ | (334) 272-6522 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 4142-B Carmichael Rd. | Montgomery, Alabama 36106 | Montgomery |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es)) | DATE OF DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  X SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | EARLIEST          LATEST |
| ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify) | CONT. ACTION    08/21/06 |

My name is Shalisa D. Rivers, black female, age 33. I am currently pregnant. I was employed by Kelly Services at 4142B Carmichael Road, Montgomery, Alabama (334) 272-6522, on or about January 20, 2006, as a delivery automotive production laborer. I was assigned to work at Arvinmeritor Sejong in Ft. Deposit, Alabama. I worked assembly. At all times I performed my duties to the reasonable expectation of my employer.

On or about August 21, 2006, when I reported for work, I was approached by Syliva Page (?) of Kelly Services. She informed me that due to my pregnancy, I was no longer employable. She explained that I was terminated immediately. At that time I was approximately two months pregnant. She told me he was not sure how I would be able to work there because my pregnancy would not allow me to pick up heavy objects. I was terminated that day August 21, 2006.

I have been subjected to discrimination based on my sex, female, and my sex-based characteristic, pregnancy, in violation of the Pregnancy Discrimination Act and Title VII of the Civil Rights Act of 1964.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date 9/1/06    *Shalisa D. Rivers*
             Charging Party (Signature)

SIGNATURE OF COMPLAINANT
*Shalisa D. Rivers*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)   9/1/06

EEOC FORM 5 (Rev. 07/99)

06/12/2007 10:40 FAX  205 328 6000          OGLETREE DEAKINS                                ☒001

```
                    ***********************
                    ***    RX REPORT    ***
                    ***********************


    RECEPTION OK

    TX/RX NO                  6222
    RECIPIENT ADDRESS         3343244390
    DESTINATION ID
    ST. TIME                  06/12 10:40
    TIME USE                  00'40
    PGS.                         3
    RESULT                    OK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHALISA RIVERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. ) 2:07-CV-00395-WHA-TFM |
| ARVINMERITOR SEJONG, LLC, | ) ) ) |
| Defendant. | ) |

EXHIBIT B

## DECLARATION OF EDWIN KERSHAW

1. My name is Edwin Kershaw. I am over eighteen (18) years of age and have personal knowledge regarding the information contained in this Declaration.

2. From August 2004 to March 15, 2007, I worked for ArvinMeritor Sejong, LLC as its Human Resources Manager. My duties in this position included being responsible for receiving and responding to any charges of discrimination filed with the Equal Employment Opportunity Commission ("EEOC").

3. During the course of my employment at ArvinMeritor Sejong, LLC, I did not receive any EEOC charge of discrimination filed by Shalisa Rivers against ArvinMeritor Sejong, LLC or any other entity, nor did I ever receive notice of any such filing by Ms. Rivers.

4. I have reviewed a copy of the Complaint Ms. Rivers has filed against ArvinMeritor Sejong, LLC, which is attached hereto as Exhibit A. I received no notice of the claims described in that Complaint prior to my review of the Complaint.

5. The EEOC did not contact me regarding its investigation of any charge of discrimination filed by Ms. Rivers.

6. ArvinMeritor Sejong, LLC received no notice of any opportunity to participate in any EEOC conciliation process regarding any charge of discrimination that Ms. Rivers filed, and did not participate in any such conciliation process.

7. ArvinMeritor Sejong, LLC has no corporate relationship to Kelly Services.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information contained in this Declaration is true and correct and that any additions, modifications or deletions have been made and initialed by me.

Executed on this the 25th day of June, 2007.

_____
Edwin Kershaw

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
MAY - 4 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| SHALISA RIVERS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.<br>) 2:07-cv-395-WHA |
| ARVINMERITOR SEJONG, LLC, | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Shalisa D. Rivers, by and through counsel, and hereby complains against the defendant as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper pursuant to federal question jurisdiction over claims brought under 28 U.S.C. § 1331, 28 U.S.C. §2201-2202, Title VII of the Civil Rights Act of 1964, more particularly, 42 U.S.C. §§2000e(k), 2000e-2, and 2000e-5, *et.seq.* (as amended), and 42 U.S.C. §1981a.

2. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 1, 2006. The EEOC issued a "right to sue" letter on or about March 12, 2007.

3. All causes of action enumerated herein and all claims made by Plaintiff arose in the Middle District of Alabama.

### PARTIES

EXHIBIT
A
to Declaration

1

4. Plaintiff (hereinafter, "Rivers") is a resident of Dallas County, Alabama, over the age of Nineteen (19) years, and was employed by defendant ArvinMeritor Sejong, LLC., (hereinafter, "the employer") at all times material hereto.

5. The Defendant, ArvinMeritor Sejong, LLC, is a Delaware corporation licensed and authorized to do business in the state of Alabama. At all times relevant, the Defendant employed more than 50 employees within seventy-five miles of the work site.

## NATURE OF THIS ACTION

6. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff because of her sex, and from subjecting her to disparate treatment with respect to promotion, compensation, benefits, and privileges of employment. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for her suffering as a consequence of the wrongs alleged herein.

7. Plaintiff avers that the defendant acted to deny Plaintiff her rights under the laws of the United States of America and such action was designed to discriminate against her, a female.

8. Plaintiff avers that the defendant's actions were designed to prevent her and other similarly situated females from obtaining an equality with non-protected group members, males, in pay, benefits and treatment.

9. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of pay and benefits, as well as caused to suffer great humiliation and mental anguish from then until now.

10. Plaintiff avers that the defendant's unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her due to her sex, female.

11. This action is brought to claim equitable relief and compensatory and punitive damages of the defendant for sex discrimination.

## FACTUAL ALLEGATIONS

12. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

13. Plaintiff was at all times material hereto employed by the employer as a production specialist. Plaintiff worked through a temporary employment agency, Kelly Services.

14. As of August 21, 2006, Plaintiff was approximately two months pregnant.

15. On or about August 21, 2006, Plaintiff was terminated by Sylvia Page of Kelly Services. It was explained to Plaintiff that due to her pregnancy she was no longer employable for Defendant. At all times during her employment Plaintiff performed the functions of her job to the reasonable expectations of the employer.

16. Ms. Page directly told Plaintiff at the time of her termination that she was being terminated because Plaintiff was pregnant.

17. As a direct and proximate consequence of the conduct of the employer, Plaintiff has been caused to suffer great embarrassment, humiliation, mental anguish and emotional distress from then until now. She has suffered a loss of pay and benefits and the opportunity to earn more pay and benefits.

## COUNT I – SEX DISCRIMINATION

18. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

19. Plaintiff is a member of a protected group in that she is a female; at all times material hereto, she was also pregnant.

20. Plaintiff was highly qualified for the job she held and was performing her duties in accordance with the reasonable expectations of the employer.

21. Plaintiff's job remained open.

22. The job was filled by a person in a non-protected class (non-pregnant) of no greater qualifications than Plaintiff.

23. Plaintiff's termination was effected because of her sex, female, and her sexual status, pregnant, in violation of the Pregnancy Discrimination Act codified as a part of 42 U.S.C.A. § 2000e(k). All other proffered reasons were merely pretextual.

24. Plaintiff was damaged thereby as set forth hereinabove.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff demands judgment in her favor and against the defendant as follows:

A. Plaintiff prays that the Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

B. Plaintiff prays that the Court will permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Plaintiff prays that the Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law:

D. Plaintiff demands Compensatory damages as a consequence of her mental anguish and emotional distress;

E. Plaintiff demands Punitive damages of the defendant in an amount to be determined by the trier of facts;

F. Plaintiff prays that the Court will grant such other, further and different relief as to which she may be entitled, including such equitable relief as back pay and front pay as she would have earned absent the wrongful acts of the defendant;

G. Plaintiff prays that the Court will grant her the cost of this action including reasonable attorney's fees;

H. Plaintiff prays that the Court will enjoin the defendant from any retaliation against her for having brought this action.

RESPECTFULLY SUBMITTED on this the ___4th___ day of May, 2007.

/s/ Andy Nelms
ANDY NELMS (NEL022)
JAY LEWIS (LEW031)
Attorneys for Plaintiff.

LAW OFFICES OF JAY LEWIS
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
j-lewis@jaylewislaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Defendant may be served at the following address:

THE CORPORATION COMPANY
2000 INTERSTATE PARK DR  STE 204
MONTGOMERY, AL  36109