IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHALISA RIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. |
| | ) | 2:07-CV-00395-WHA -TFM |
| ARVINMERITOR SEJONG, LLC and | ) | |
| KELLY SERVICES INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Shalisa D. Rivers, by and through counsel, and hereby complains against the defendant as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper pursuant to federal question jurisdiction over claims brought under 28 U.S.C. § 1331, 28 U.S.C. §2201-2202, Title VII of the Civil Rights Act of 1964, more particularly, 42 U.S.C. §§2000e(k), 2000e-2, and 2000e-5, *et.seq.* (as amended), and 42 U.S.C. §1981a.

2. The plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about September 1, 2006. The EEOC issued a "right to sue" letter on or about March 12, 2007.

3. All causes of action enumerated herein and all claims made by Plaintiff arose in the Middle District of Alabama.

### PARTIES

4. Plaintiff (hereinafter, "Rivers") is a resident of Dallas County, Alabama, over the age of Nineteen (19) years, and was employed by defendant ArvinMeritor Sejong, LLC., and Kelly Services Inc. (hereinafter, "the employer") at all times material hereto.

5. The Defendant, ArvinMeritor Sejong, LLC, is a Delaware corporation licensed and authorized to do business in the state of Alabama. At all times relevant, the Defendant employed more than 50 employees within seventy-five miles of the work site.

6. The Defendant, Kelly Services Inc., is a Delware corporation and is authorized to do business in the state of Alabama. At all times relevant, the Defendant employed the Plaintiff with respect to outside employment sourcing for Arvinmeritor Sejong, LLC.

## NATURE OF THIS ACTION

7. This is a proceeding for a declaratory judgment as to Plaintiff's rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiff because of her sex, and from subjecting her to disparate treatment with respect to promotion, compensation, benefits, and privileges of employment. The Complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her but for the defendant's unlawful and discriminatory practices. Further, Plaintiff seeks compensatory and punitive damages for her suffering as a consequence of the wrongs alleged herein.

8. Plaintiff avers that the defendant acted to deny Plaintiff her rights under the laws of the United States of America and such action was designed to discriminate against her, a female.

9. Plaintiff avers that the defendant's actions were designed to prevent her and other similarly situated females from obtaining an equality with non-protected group members, males, in pay, benefits and treatment.

10. As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of pay and benefits, as well as caused to suffer great humiliation and mental anguish from then until now.

11. Plaintiff avers that the defendant's unlawful actions were intentionally and knowingly undertaken with the intent to discriminate against her due to her sex, female.

12. This action is brought to claim equitable relief and compensatory and punitive damages of the defendant for sex discrimination.

## FACTUAL ALLEGATIONS

13. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

14. Plaintiff was at all times material hereto employed by the employer as a production specialist. Plaintiff worked through a temporary employment agency, Kelly Services.

15. As of August 21, 2006, Plaintiff was approximately two months pregnant.

16. On or about August 21, 2006, Plaintiff was terminated by Sylvia Page of Kelly Services. It was explained to Plaintiff that due to her pregnancy she was no longer employable for Defendant. At all times during her employment Plaintiff performed the functions of her job to the reasonable expectations of the employer.

17. Ms. Page directly told Plaintiff at the time of her termination that she was being terminated because Plaintiff was pregnant.

18. As a direct and proximate consequence of the conduct of the employer, Plaintiff has been caused to suffer great embarrassment, humiliation, mental anguish and emotional distress from then until now. She has suffered a loss of pay and benefits and the opportunity to earn more pay and benefits.

## COUNT I – SEX DISCRIMINATION

19. Plaintiff expressly adopts as if fully set forth herein the allegations of each of the foregoing paragraphs.

20. Plaintiff is a member of a protected group in that she is a female; at all times material hereto, she was also pregnant.

21. Plaintiff was highly qualified for the job she held and was performing her duties in accordance with the reasonable expectations of the employer.

22. Plaintiff's job remained open.

23. The job was filled by a person in a non-protected class (non-pregnant) of no greater qualifications than Plaintiff.

24. Plaintiff's termination was effected because of her sex, female, and her sexual status, pregnant, in violation of the Pregnancy Discrimination Act codified as a part of 42 U.S.C.A. § 2000e(k). All other proffered reasons were merely pretextual.

25. Plaintiff was damaged thereby as set forth hereinabove.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff demands judgment in her favor and against the defendant as follows:

A. Plaintiff prays that the Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended;

B. Plaintiff prays that the Court will permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Plaintiff prays that the Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law:

D. Plaintiff demands Compensatory damages as a consequence of her mental anguish and emotional distress;

E. Plaintiff demands Punitive damages of the defendant in an amount to be determined by the trier of facts;

F. Plaintiff prays that the Court will grant such other, further and different relief as to which she may be entitled, including such equitable relief as back pay and front pay as she would have earned absent the wrongful acts of the defendant;

G. Plaintiff prays that the Court will grant her the cost of this action including reasonable attorney's fees;

H. Plaintiff prays that the Court will enjoin the defendant from any retaliation against her for having brought this action.

RESPECTFULLY SUBMITTED on this the ___9th___ day of July, 2007.

*[signature]*

ANDY NELMS (NEL022)
JAY LEWIS (LEW031)
Attorneys for Plaintiff.

LAW OFFICES OF JAY LEWIS
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
j-lewis@jaylewislaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Defendant may be served at the following address:

The Corporation Company
2000 Interstate Park Dr Suite 204
Montgomery, AL 36109

Kelly Services Inc
999West Big Beaver Rd
Troy, MI 48084-4782

**CERTIFICATE OF SERVICE**

     I hereby certify that I have served the defendants on record listed below by filing the same with the Clerk of the Court via CM/ECF which will send a copy to the following on this __9th__ _day of July, 2007.

The Corporation Company
2000 Interstate Park Dr. Suite 204
Montgomery, AL 36109

Kelly Services Inc
999West Big Beaver Rd
Troy, MI 48084-4782

*[signature]*

Andy Nelms(NEL022)
Attorney for Plaintiff