IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHALISA RIVERS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:07-CV-00395-WHA-TFM |
| ) | |
| ARVINMERITOR SEJONG, LLC, and ) | |
| KELLY SERVICES, INC., ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANT ARVINMERITOR SEJONG, LLC'S**
**REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS**

COMES NOW, defendant ArvinMeritor Sejong, LLC (hereinafter "ArvinMeritor Sejong"), and submits the following reply to plaintiff's response to its Motion to Dismiss (Doc. 27):

1. Plaintiff bears the burden of establishing that she has satisfied Title VII's statutory prerequisites for the Title VII claims she asserts against ArvinMeritor Sejong. Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982). Plaintiff's response to ArvinMeritor Sejong's motion to dismiss fails to meet this burden.

2. Plaintiff bases her opposition to ArvinMeritor Sejong's motion to dismiss in part upon her counsel's statements that she "is of the belief" and "is of the position" that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against ArvinMeritor Sejong. (Plaintiff's Response at ¶¶ 1-2). Such unsupported conclusory statements of belief are insufficient to oppose the dismissal of her Title VII claims based upon the failure to satisfy Title VII's statutory prerequisites. Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary

judgment motion. . . . Moreover, statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment.'"); Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("'This Court has consistently held that conclusory allegations without specific supporting facts have no probative value.'") (citation omitted); Smith v. Hous. Auth., 2007 U.S. Dist. LEXIS 16287, *24 n. 14 (S.D. Ala. 2007) (Of course, mere unsupported representations of counsel do not constitute evidence that may be considered on summary judgment."); Bowden ex rel Bowden v. Wal-Mart Stores, Inc., 124 Fed.Supp.2d 1228, 1236 (M.D. Ala. 2000) ("opinions, allegations, and conclusory statements of counsel do not substitute for evidence."); Jordan v. Warehouse Services, Inc., 81 Fed.Supp.2d 1257, 1263 n. 10 (M.D. Ala. 2000) (same). The unsupported conclusory assertion that plaintiff has a copy of a charge against ArvinMeritor Sejong *without an EEOC filing stamp on it* "in her files" is equally unavailing. (See Plaintiff's Response at ¶1). While plaintiff references an "Exhibit A" in support of this assertion, ArvinMeritor Sejong received no Exhibit A and it does not appear that one was filed. Even if she had filed record evidence supporting that statement, it would not carry her burden, because proof of the existence of a copy of an *unfiled* charge does not establish that one was actually filed.

        3.      In paragraph 2 of her Response, plaintiff claims, again without record support, that the "EEOC has failed to respond to Plaintiff's charge of discrimination against Defendant ArvinMeritor Sejong, L.L.C." Despite the fact that this assertion is unsupported and she has not established that she filed a charge against ArvinMeritor Sejong, even if one assumes that this unsupported assertion is true, it indisputably serves as an admission by plaintiff that she has failed to satisfy Title VII's statutory prerequisites regarding her Title VII claims against ArvinMeritor

Sejong. This statement is dispositive, because if the EEOC has not responded to a filing of a charge by plaintiff against ArvinMeritor Sejong, then it is axiomatic that the EEOC has not sent a Notice of Right to Sue letter to plaintiff regarding the claims against ArvinMeritor Sejong set out in the charge. Because plaintiff has admitted that she has not received a Notice of Right to Sue letter regarding any charge filed against ArvinMeritor Sejong, her Title VII claims against it are due to be dismissed due to her failure to satisfy Title VII's statutory prerequisites. The receipt of a Notice of Right to Sue letter is a statutory prerequisite to the filing of a Title VII lawsuit. 42 U.S.C. § 2000e-5(f)(1).

    4.  Plaintiff's counsel states in unsupported and conclusory fashion that plaintiff is "of the opinion" that the EEOC's failure to respond to her filing of a charge against ArvinMeritor Sejong is an error on the part of the EEOC and that such errors by the EEOC are common. (Plaintiff's Response at ¶3). Plaintiff speculates that she filed a charge, that the EEOC has not responded to it, that this was an error on the part of the EEOC, that such errors are common, and that if she could obtain the EEOC's file on her charge, it might show that the EEOC gave notice of the charge to ArvinMeritor Sejong which would then allow her to refute ArvinMeritor Sejong's evidence that it received no such notice of a charge. This unsupported chain of speculation is insufficient to overcome ArvinMeritor Sejong's motion to dismiss. "'[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005), quoting, Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 931-32 (7th Cir. 1995); see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (For a question of fact to be

*genuine*, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.").

5. Plaintiff further speculates that "[i]t can be reasonably inferred that ArvinMeritor Sejong instructed Kelly Services to terminate Plaintiff's employment or, in the alternative, instructed Kelly Services to replace Plaintiff with a non-pregnant worker." (Plaintiff's Response at ¶4). Despite the fact that plaintiff has absolutely no record evidence to support such defamatory assertions, she continues by speculating that if that were true, an EEOC investigator would have contacted ArvinMeritor Sejong to determine the cause or reason for the termination which would show that ArvinMeritor had notice of the charge. (Id.). As noted above, such rank speculation does not carry plaintiff's burden of establishing that she satisfied Title VII's statutory prerequisites of filing a charge of discrimination against ArvinMeritor Sejong or receiving a Notice of Right to Sue regarding such a charge. Cordoba, 419 F.3d at 1181; see also, Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006) (A plaintiff's subjective belief of discrimination will not preclude summary judgment); United States v. Gulf States Steel, Inc., 54 F.Supp. 2d 1233, 1237 (N.D. Ala. 1999) ("'Tenuous insinuation' and empty speculation based on loose construal of the evidence will not satisfy the non-movant's burden.").

6. Plaintiff has failed to establish via the presentation of admissible, record evidence that (1) she filed a charge of discrimination against ArvinMeritor Sejong which would support the claims she has pled in this case; (2) ArvinMeritor received notice of such a charge or the charge she filed against Kelly Services, Inc. and had an opportunity to participate in the EEOC's conciliation process; and (3) she received a Notice of Right to Sue letter from the EEOC regarding the charge she claims she filed against ArvinMeritor Sejong. Plaintiff does not dispute that ArvinMeritor Sejong and Kelly

Services, Inc. have no corporate relationship, nor does she deny that she knew the identity of ArvinMeritor Sejong when she filed her charge against Kelly Services, Inc. or that ArvinMeritor Sejong would be prejudiced by the lack of notice and the opportunity for conciliation. Plaintiff, therefore, has failed to meet her burden of establishing that she has satisfied Title VII's statutory prerequisites, and her Title VII claims against ArvinMeritor Sejong should be dismissed. See, Virgo v. Riviera Beach Associates, LTD., 30 F.3d 1350, 1358-59 (11th Cir. 1994).

7.      Finally, plaintiff's hope that she can at some indefinite point in the future find evidence to support her unsupported allegations, subjective belief, and speculation provides no basis for keeping ArvinMeritor Sejong as a defendant in this case in the face of its properly supported Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, ArvinMeritor Sejong respectfully requests that the Court enter an Order granting its Motion to Dismiss the Plaintiff's Title VII claims against it with prejudice and/or provide such other relief as the Court deems appropriate.

>Respectfully submitted,
>
>/s/ David L. Warren, Jr.
>(WAR-042)
>
>Beverly P. Baker (BAK-014)
>David L. Warren, Jr. (WAR-042)
>**OGLETREE, DEAKINS, NASH,**
>  **SMOAK & STEWART, P.C.**
>One Federal Place, Suite 1000
>1819 Fifth Avenue North
>Birmingham, AL 35203-2118
>Tel.: (205) 328-1900
>Fax: (205) 328-6000
>E-mail: david.warren@odnss.com
>*Attorneys for Defendant ArvinMeritor Sejong, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2007, I electronically filed the foregoing *ArvinMeritor Sejong, LLC's Reply to Plaintiff's Response to Its Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Keith Anderson Nelms, Jay Lewis, and Beverly Poole Baker.

/s/ David L. Warren, Jr.
(WAR-042)

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: david.warren@odnss.com