IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHALISA RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:07-CV-00395-WHA-TFM |
| ) | |
| ARVINMERITOR SEJONG, LLC, ) | |
| and KELLY SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KELLY SERVICES, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant **Kelly Services, Inc. ("Kelly Services")**, by and through the undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Ruled of Civil Procedure, respectfully requests this Honorable Court to dismiss Plaintiff's Complaint against Kelly Services because Plaintiff has failed to state any Title VII claim against Kelly Services upon which relief may be granted. In the alternative, Kelly Services respectfully requests the Court grant Kelly Services summary judgment on all claims asserted against Kelly Services by Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure, as there is no genuine issue of any material facts, and Kelly Services is entitled to judgment as a matter of law.

1. On or about September 5, 2006, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against Kelly Services, alleging Kelly Services discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964. (See, Plaintiff's EEOC Charge, attached hereto as Exhibit 1).

2. Thereafter, on March 7, 2007, the EEOC issued Plaintiff its Dismissal and Notice of

Rights, informing Plaintiff she had 90 days from her receipt of the Notice to file her lawsuit against Kelly Services. (See, EEOC Dismissal and Notice of Rights, attached hereto as Exhibit 2).

3. On May 4, 2007, Plaintiff filed a Complaint against ArvinMeritor Sejong, LLC asserting Title VII claims for sex discrimination. On June 25, 2007, ArvinMeritor Sejong filed its Motion to Dismiss, asking this Court to dismiss Plaintiff's Complaint against ArvinMeritor Sejong because Plaintiff failed to file the required EEOC Charge of Discrimination against ArvinMeritor Sejong prior to filing suit.

4. Thereafter, on July 9, 2007, Plaintiff filed an Amended Complaint naming Kelly Services as a defendant in this case and asserting her Title VII claims against Kelly Services. Plaintiff, however, failed to file her Title VII complaint against Kelly Services within 90 days of Plaintiff's receipt of the right-to-sue letter from the EEOC. Consequently, Plaintiff's Title VII claims against Kelly Services are time-barred, and Plaintiff's Amended Complaint against Kelly Services is due to be dismissed as a matter of law.

5. Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); see also Green v. Union Foundry Co., 281 F.3d 1229, 1231, 1233-34 (11th Cir. 2002). If a plaintiff fails to file her complaint within 90 days of her receipt of the right-to-sue letter form the EEOC, then the plaintiff is barred from maintaining her Title VII claims against her employer. See Green, 281 F.3rd at 1234.

6. In this case, Plaintiff was issued a right-to-sue letter from the EEOC on March 7, 2007. Plaintiff did not file her Amended Complaint against Kelly Services until July 9, 2007, which is 124 days after the right-to-sue letter was mailed to Plaintiff. Therefore, it is undisputed Plaintiff did not file her Title VII complaint against Kelly Services within 90 days after she received the EEOC right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1). Consequently, Plaintiff's Title

VII claims against Kelly Services are time-barred, and Plaintiff's Amended Complaint is due to be dismissed as a matter of law.

7.  In response to this Motion, Plaintiff will likely attempt to argue that because she timely filed her original Complaint against ArvinMeritor Sejong within 90 days after she received the right-to-sue letter, Plaintiff's Amended Complaint naming Kelly Services as a defendant is also timely because it relates back to her original Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.  Rule 15(c), however, is not applicable in this case.

8.  The Eleventh Circuit Court of Appeals has specifically held the relation back provisions of Rule 15(c) do not apply when a plaintiff attempts to amend her complaint to add a new defendant after the applicable statute of limitations has expired if the new defendant was known to the plaintiff when she originally file her complaint.  See Powers v. Graff, 148 F.3d 1223 (11th Cir. 1998).  According to the Eleventh Circuit, "[t]he purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of a defendant." Id. at 1226.  "[T]he purpose of the provision does not support relation back in cases like this one: cases where the newly added defendant[] [was] known to the plaintiff before the running of the statute of limitations . . . ." Id. In Powers, a plaintiff attempted to amend his complaint to add additional defendants to his lawsuit after the statute of limitations had run. Id. at 1225.  The Eleventh Circuit affirmed the district court's decision granting the new defendants' motion for summary judgment on the grounds the plaintiff's claims were time-barred and did not relate back to the original complaint under Rule 15(c). Id. at 1226-67.  The Eleventh Circuit found the plaintiff knew the identities of the defendants at the time he filed his complaint, but decided not to include them in the amended complaint until after the statute of limitations had run. Id. at 1226-27.  The Eleventh Circuit noted Powers was not a situation

where the plaintiff made a mistake about the identity of a defendant and was attempting to correct the mistake by naming the proper defendant. Id. Therefore, the Eleventh Circuit held the district court properly granted the defendant summary judgment on the plaintiff's claims. Id. at 1227-28.

9. As with the plaintiff in Powers, it is undisputed in this case that Plaintiff was aware of the identity of Kelly Services at the time Plaintiff filed her original Complaint on May 4, 2007. This is evident by the fact Plaintiff named Kelly Services in the Charge of Discrimination Plaintiff filed with the EEOC in September 2006. Furthermore, as with the plaintiff in Powers, in this case Plaintiff chose to name a different defendant in her original Complaint, and chose not to name Kelly Services as a defendant. See Chumney v. U.S. Repeating Arms Co., 196 F.R.D. 419, 429 (M.D. Ala. 2000) ("[W]hether a plaintiff made a 'mistake,' rather than a conscious choice, in originally omitting the relevant defendant turns on whether the newly added defendant was known to the plaintiff before the running of the statute of limitations."). It is undisputed Kelly Services was known to Plaintiff, and Plaintiff chose to file her original Complaint against ArvinMeritor Sejong, not Kelly Services. It was not until after ArvinMeritor Sejong filed its Motion to Dismiss that Plaintiff decided to attempt to add Kelly Services as a defendant in this case after the statute of limitations for Plaintiff to file suit against Kelly Services had already run. Consequently, because Plaintiff was aware of Kelly Services at the time she filed her original Complaint and failed to name Kelly Services as a defendant in that Complaint, Plaintiff's Amended Complaint cannot relate back to her original Complaint pursuant to Rule 15(c). Therefore, Plaintiff's Amended Complaint against Kelly Services was filed out of time, and Plaintiff has failed to timely assert her Title VII claims against Kelly Services within 90 days of her receipt of the right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1).

10. Because Plaintiff has failed to comply with 42 U.S.C. § 2000e-5(f)(1) and file a complaint against Kelly Services within 90 days of her receipt of the EEOC right-to-sue letter, Plaintiff is now barred from asserting her Title VII claims against Kelly Services, and Plaintiff's Amended Complaint naming Kelly Services as a defendant in this case should be dismissed.

WHEREFORE, ABOVE-PREMISES CONSIDERED, Defendant Kelly Services respectfully requests this Honorable Court dismiss Plaintiff's Amended Complaint. In the alternative, Defendant respectfully requests this Honorable Court grant Defendant summary judgment on Plaintiff's Title VII claims, as there is no genuine issue of any material facts, and Defendant is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ Richard E. Trewhella, Jr.
Thomas L. Oliver, II (313153)
Richard E. Trewhella, Jr. (679288)
Attorneys for Defendant

**OF COUNSEL:**

**CARR, ALLISON, PUGH, HOWARD,
    OLIVER & SISSON, P.C.**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006 *telephone*
(205) 822-2057 *facsimile*

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of same by CM/ECF on this the <u>3rd</u> day of August, 2007:

K. Anderson Nelms, Esq.
The Law Offices of Jay Lewis, LLC
847 S. McDonough Street
Montgomery, AL 36104

Beverly P. Backer, Esq.
David L. Warren, Jr., Esq.
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
Once Federal Place, Suite 1000
1819 5th Ave. North
Birmingham, AL 35203-2118

                                              <u>/s/Richard E. Trewhella, Jr.</u>
                                              OF COUNSEL

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2006-04871 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.)<br>Shalisa D. Rivers | HOME TELEPHONE (Include Area Code)<br>(334) 267-6282 |
|---|---|

| STREET ADDRESS<br>2796 Co Rd 4, P.O. Box 21 | CITY, STATE AND ZIP CODE<br>Minter, Alabama 36761 | DATE OF BIRTH<br>03/17/1973 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>Kelly Services | NUMBER OF EMPLOYEES, MEMBERS<br>50+ | TELEPHONE (Include Area Code)<br>(334) 272-6522 |
|---|---|---|

| STREET ADDRESS<br>4142-B Carmichael Rd. | CITY, STATE AND ZIP CODE<br>Montgomery, Alabama 36106 | COUNTY<br>Montgomery |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es) | DATE OF DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   X SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify) | EARLIEST               LATEST<br>                         08/21/05<br>CONT. ACTION |

My name is Shalisa D. Rivers, black female, age 33. I am currently pregnant. I was employed by Kelly Services of 4142B Carmichael Road, Montgomery, Alabama (334) 272-6522, on or about January 20, 2006, as a delivery automotive production laborer. I was assigned to work at Arvinmeritor Sejong in Ft. Deposit, Alabama. I worked assembly. At all times I performed my duties to the reasonable expectation of my employer.

On or about August 21, 2006, when I reported for work, I was approached by Syliva Page (?) of Kelly Services. She informed me that due to my pregnancy, I was no longer employable. She explained that I was terminated immediately. At that time I was approximately two months pregnant. She told me he was not sure how I would be able to work there because my pregnancy would not allow me to pick up heavy objects. I was terminated that day August 21, 2006.

I have been subjected to discrimination based on my sex, female, and my sex-based characteristic, pregnancy, in violation of the Pregnancy Discrimination Act and Title VII of the Civil Rights Act of 1964.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (When necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct<br><br>*Shalisa D. Rivers*<br>Date 9/1/06   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>*Shalisa D. Rivers*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Month, day and year)  9/1/06 |

EEOC FORM 5 (Rev. 07/99)

EEOC Form 161 (10/96)        U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Shalisa D. Rivers  
c/o Andy Nelms  
Law Offices of Jay Lewis, LLC  
P.O. Box 5059  
Montgomery, AL 36103

From: Birmingham District Office  
Ridge Park Place  
1130 22nd Street South  
Suite 2000  
Birmingham, AL 35205

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-04871 | Serena Curry, Investigator | (205) 212-2072 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may **not be collectible.**

On behalf of the Commission

_Delner Franklin-Thomas_     3/7/07

Enclosure(s)     Delner Franklin-Thomas, District Director     (Date Mailed)

cc: Kelly Services  
c/o Tamara Dawson  
Diversity Analyst  
999 West Big Beaver Road  
Troy, MI 48084-4782