IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHALISA RIVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:07cv395-WHA |
| ) | |
| ARVINMERITOR SEJONG, LLC, ) | (WO) |
| and KELLY SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This cause is before the court on a Motion to Dismiss (Doc. #12) filed by ArvinMeritor Sejong, LLC ("AMS") on June 25, 2007.  The Plaintiff, Shalisa Rivers ("Rivers"), originally filed a Complaint (Doc. #1) on May 4, 2007, alleging unlawful termination and discrimination on the basis of her sex and sexual status, as a pregnant female, in violation of the Pregnancy Discrimination Act codified as part of Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. §2000e(k).  Rivers subsequently filed an Amended Complaint (Doc. #22) on July 9, 2007, adding Kelly Services, Inc. ("Kelly Services") as a defendant.

AMS's Motion to Dismiss is based on Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure - lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively.  AMS's basic argument is that Rivers failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against AMS.  AMS concedes that Rivers filed a charge on September 1, 2006 against Kelly Services, but contends that AMS is aware of no charge filed with the EEOC against it. According to AMS, it received no notice of Rivers's claims contained within the Complaint until

it was served in this action. Therefore, AMS argues that, because Rivers failed to comply with the naming requirement under Title VII, this claim should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

In regard to AMS's contention that the court lacks subject matter jurisdiction over this case based on a failure to file a timely charge of discrimination with the EEOC, AMS misinterprets prior precedent. The Eleventh Circuit has held that "[t]he requirement that a claimant file 'a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to sue in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F. 3d 1023, 1025 (11th Cir. 1994) (internal citations omitted); *see also Moore v. Ala. State Univ.*, 945 F. Supp. 2d 235, 239 (M.D. Ala. 1996) (Albritton, J.). Following this precedent, it is clear that AMS has no legal basis for their claim that Rivers's alleged failure to file a charge with the EEOC results in a lack of subject matter jurisdiction over this action. Accordingly, under AMS's Rule 12(b)(1) basis for dismissal, the Defendant's Motion to Dismiss is due to be DENIED.

In regard to AMS's contention that dismissal is appropriate because Rivers has failed to state a claim upon which relief can be granted, AMS presents evidence outside of the pleadings in the form of Rivers's September 1, 2006 EEOC charge of discrimination against Kelly Services. Having reviewed the charge, it clearly names only Kelly Services, not AMS. *See Plaintiff's 9/1/06 EEOC Charge*, Doc. 12-2. Accordingly, AMS argues that Rivers has not filed an EEOC charge specifically against it and, thus, has no claim upon which the court can grant relief. In contrast, Rivers argues that she did file an EEOC claim against AMS, as she stated in her complaint, but the EEOC has failed to respond to her charge. Rivers further argues that she

has made numerous attempts to obtain the entire investigative file from the EEOC to prove that she indeed filed a charge against AMS, but these attempts have been unsuccessful.

Based on the pleadings alone, upon which a motion to dismiss is judged, Rivers has stated a claim upon which the court can grant relief. The Amended Complaint states that a charge of discrimination was filed with the EEOC without specifically stating against whom the charge was made. Construing the Amended Complaint in a light most favorable to Rivers, the court finds that relief is available on her claim if Rivers can prove that she did file an EEOC charge against AMS. Accordingly, in regard to the Rule 12(b)(6) grounds for dismissal, the Defendant's Motion to Dismiss is due to be DENIED.

Rule 12(b) of the Federal Rules of Civil Procedure states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. PRO. 12(b). In the present case, AMS has presented additional evidence beyond the pleadings by submitting its exhibits, including Plaintiff's 9/1/2006 EEOC Charge and the Declaration of Edwin Kershaw. Accordingly, the court shall treat AMS's Motion to Dismiss as a motion for summary judgment.

Having reviewed Rivers's Response to Defendant's Motion to Dismiss, the court finds that it is fashioned specifically as a response to the Motion to Dismiss and does not present an argument against summary judgment. In fact, Rivers indicates that she currently is attempting to attain additional evidence to prove that she filed an EEOC charge against AMS. Accordingly, it would be premature for the court to rule on AMS's converted Motion for Summary Judgment

3

until Rivers has a chance to file an additional response to that motion.  Rule 12(b) provides for such a process.

 Based on the foregoing discussion, it is hereby ORDERED that

 1.  Defendant ArvinMeritor Sejong, LLC's Motion to Dismiss (Doc. #12) is DENIED.

 2.  Defendant ArvinMeritor Sejong, LLC's Motion to Dismiss (Doc. #12) is converted to a Motion for Summary Judgment.

 3.  Plaintiff Shalisa Rivers is given until August 27, 2007 to respond further to the Motion for Summary Judgment.  Defendant ArvinMeritor Sejong, LLC shall have until September 4, 2007 to file any reply it may wish to file.  The Motion for Summary Judgment will be taken under submission on that day for determination without oral argument.

 Done this 10th day of August, 2007.


           /s/ W. Harold Albritton
           W. HAROLD ALBRITTON
           SENIOR UNITED STATES DISTRICT JUDGE